# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

Medicinal Wellness Center, LLC, a
Colorado limited liability company;
Medicinal Oasis, LLC, a Colorado limited
liablity company; Michael Aragon, an
individual; Judy Aragon, an individual;
Steven Hickox, an individual,

Petitioners,

v.

UNITED STATES OF AMERICA,
through its agency the INTERNAL
REVENUE SERVICE,

Respondent.

_____

## PETITION TO QUASH SUMMONSES
_____

PETITIONERS, by and through their attorneys, submit the following Petition to Quash Summonses as follows:

## CERTIFICATION REGARDING DUTY TO CONFER

Pursuant to Local Rule 7.1, below signed counsel hereby certifies that on October 25, 2017, prior to filing this Petition to Quash, he conferred with counsel for the Respondent. Respondent responded that it did not believe that Rule 7.1 applies to initiating pleadings. However, to the extent that conferral is required, the Respondent objects to the relief sought.

**STATEMENT WITH REGARD TO STANDING**

The Petitioners are the Taxpayers and the subject of the Summons at issue. The records being summonsed are purportedly that of the Taxpayers. As such, the Taxpayers have the right to petition to quash a third-party summons. See *Gudenau v. United States,* 2006 U.S. Dist. LEXIS 79896 *; 98 A.F.T.R.2d (RIA) 6746. The Marijuana Enforcement Division of the Colorado Department of Revenue is a Third-Party Recordkeeper under Section 7609. Both the Federal Government and the State of Colorado have affirmed this fact. See Exhibit 1. The summons was served upon the Petitioners on October 6, 2017. See Exhibit 2. The Petitioners have timely filed their Petition to Quash on October 26, 2017 in accordance with 26 USC Sec. 7609. The Petition was timely served upon the IRS Auditor and the Colorado Department of Revenue, Marijuana Enforcement Division ("M.E.D.") by certified mail return receipt requested on October 26, 2017.

## I. INTRODUCTION

The Respondent seeks to have the Court order the State of Colorado (the "State") to create custom analytical reports based upon raw data purportedly provided by the Petitioners to the State. Specifically, the Respondent is demanding that the State prepare the following analytical reports of the Taxpayers' raw data through its database known as *Marijuana Enforcement Tracking Reporting Compliance* system, commonly known as METRC:

- A METRC Annual Gross Sales Report for Medicinal Wellness Center, LLC and Medicinal Oasis, LLC for taxable years ended December 31, 2014 and December 31, 2015.

- To further analyze the METRC database and provide the IRS with an analytic report identifying "transfers" between Petitioners and other third parties between 01/01/2014 and 12/31/2015. While it is not known what "transfers" the IRS may be referring, it is likely that the IRS is seeking identification of numerous third parties who are not a subject to this summons;

- A Complete listing of all licenses held for the period of January 1, 2014 – December 31, 2015;

- An "Annual Harvest Report"; and

- A "Monthly Plant Inventory Report".

As discussed below, Petitioners did not create these documents. It is not known precisely what the documents are that the IRS demands. Petitioners do not believe that these documents are created in the normal course of business by the State. There is no evidence that the "reports" requested were in existence on the date the summons was issued. It is beyond the summons power of the IRS to force a third party to create analytical documents for its benefit.

## II. FACTS AND BACKGROUND

### A. The Audit.

Medicinal Wellness Center ("MWC"), is a Colorado limited liability company in good standing. On or about May 30, 2017, the auditor, Tyler Pringle, provided an "Information Document Request" ("IDR") to MWC for 2014 documents. See Exhibit 3. On or about July 27, 2017, Mr. Pringle provided a second and third IDR to MWC for additional 2014 documents, as well as 2015 documents. See Exhibits 4 and 5. On or about October 6, 2017, Mr. Pringle issued a Summons request to the Marijuana Enforcement Division. See Exhibit 2. No Notice of Audit has been provided.

Medicinal Oasis, LLC is a Colorado limited liability company in good standing. On or about August 21, 2017, Mr. Pringle provided an IDR to Medicinal Oasis for 2014 and 2015 documents. See Exhibit 6. On or about October 6, 2017, Mr. Pringle issued a Summons request to the Marijuana Enforcement Division. See Exhibit 2. No Notice of Audit has been provided.

Michael and Judy Aragon are individual taxpayers in good standing. On or about July 27, 2017, Mr. Pringle provided an IDR to the Aragons for 2014 and 2015 documents. See Exhibit 7. On or about October 6, 2017, Mr. Pringle issued a Summons request to the Marijuana Enforcement Division. See Exhibit 2. There has been no Notice of Audit and no Information Document Request issued to the Aragons.

Steven Hickox is an individual taxpayer in good standing. On or about October 6, 2017, Mr. Pringle issued a Summons request to the Marijuana Enforcement Division. See Exhibit 2. There has been no Notice of Audit and no Information Document Request issued to the Aragons.

Specifically, one of the requests Mr. Pringle made in the IDRs to both MWC and Medicinal Oasis was for the principals of the companies to go to the State and recover "METRC data" from the State for him. The reports requested were the same as demanded in the summons. See Exhibit 2. Mr. Pringle has not explained why these reports are necessary or why these third-party analytical reports are necessary for his examination.

However, Mr. Pringle claims that the Petitioners are unlawfully trafficking in a controlled substance prohibited by federal law. Part of his audit is to investigate these criminal violations.

On July 16, 2017, Mr. Pringle started his review of the taxpayers' records. Again, Mr. Pringle failed to explain why the taxpayers' records were insufficient to provide the information necessary for the audit. Since Mr. Pringle has sufficient information to determine income (he intends to deny deduction of any expenses), and since these METRC reports are not currently in existence, there is no legitimate basis to seek the preparation of these reports.

On or about October 6, 2017, Mr. Pringle issued a summons commanding the State to create the analytical reports. See Exhibit 2. These reports were not created by the Petitioners. Nor

to the Petitioners' knowledge are these analytical reports in existence at the State. See Declaration of Michael Aragon, attached hereto.

1. **The IRS has not Completed the Administrative Steps Necessary for Issuance of the Summonses.**

In order to comply with the *Powell* requirements, the administrative steps required by the Code have to be followed. The Internal Revenue Manual states, "*All* possible efforts should be made to contact taxpayers whose cases are to be examined." *See* IRM 4.22.6.2.

There is nothing in the record to show that the IRS has served the individual taxpayers with a Notice of Audit or has even opened an audit on any of the individuals. Thus, the IRS has failed in this step.

B. **The IRS and METRC.**

METRC is a database tracking system used for marijuana regulatory compliance in the State of Colorado. See Exhibit 8. The Department of Revenue, Marijuana Enforcement Division ("MED") controls METRC. *Id.* Those who are subject to the regulation submit raw data to MED which is placed into the METRC database. *Id.* Based upon this raw data "the regulatory body can use the reporting engine to build ad hoc reports based on their individual needs." *Id.*

III. **ARGUMENT**

A. **Standard of Review**

It is well settled that, to be enforceable, a summons issued by the IRS must satisfy the standard set forth in *United States v. Powell*, 379 U.S. 48 (1964). See, e.g., *United States v. Balanced Fin. Mgmt., Inc.,* 769 F.2d 1440, 1444 (10th Cir. 1985). Under this mandatory standard, prior to enforcement of a summons, the Commissioner of the IRS must show that:

1) The investigation will be conducted pursuant to a legitimate purpose;

2) The inquiry may be relevant to the purpose;

3) The information sought is not already within the Commissioner's possession; and,

4) The administrative steps required by the Code have been followed – in particular, that the IRS, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

See *Id.* (quoting *Powell,* 379 U.S. at 57-58).

Additionally, the IRS should not be allowed to use its summons power to conduct a "fishing expedition" on the records of third parties only tangentially related to the finding of taxpayer's income and expenses. *United States v. Coopers & Lybrand,* 550 F.2d 615, 619-20 (10th Cir. 1977). A summons should only be issued when: (1) the information required is vital to the investigation; (2) the taxpayer or third-party summonee is unreasonably refusing to cooperate; and (3) the information cannot be easily obtained from other sources. See, G. SUMMONS AND ENFORCEMENT by George Johnson and Marvin Friedlander. https://www.irs.gov/pub/irs-tege/eotopicg93.pdf. Defendants fail to meet these elements and the elements set forth in *Powell.*

## A. The IRS's Summons Power Does Not Extend to Forcing a Party to Prepare or Create Documents.

As stated above, the "reports" the IRS is demanding are not documents that were created by the Petitioners. Rather, the IRS is seeking to have analytical reports prepared from Petitioners' raw data. Nor is there any evidence that these analytical reports were created by the State during the relevant time. The IRS needs to show that the "reports" were in existence on the date the summons was issued. However, the IRS can present no evidence that the analytical

6

reports currently exist. Rather, the reports summoned are analytical reports which the IRS seeks to have the State create.

The IRS's summons power does not extend to forcing the preparation or creation of documents. *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976) (The IRS's summons power under "§ 7602 does not require preparation or production of records not yet in existence".); see also Internal Revenue Manual, 5.17.6.1.3 ("A summons cannot require a witness to prepare or create documents, including tax returns, that do not currently exist."). "We wish to emphasize that the burdens of production and proof on the questions of the existence, possession, and authenticity of the summoned documents are on the Government, not the taxpayer." *United States v. Rue*, 819 F.2d 1488, 1493 n.4 (8th Cir. 1987). Furthermore, the date of the service of the summons is the date used to determine the existence of the documents for this inquiry. *Id.* at 1493; see also, *United States v. Greenfield*, 831 F.3d 106, 124 (2nd Cir. 2016) (quoting *Rue* "The relevant date on which existence and possession of the documents must be shown is the date on which the IRS summons is served, for it is at that time that the rights and obligations of the parties become fixed"). In his order, issued on October 26, 2017, Judge Moore addresses this precise issue:

> "Petitioner's next argument, again to the extent it is an illegitimate purpose argument, is that the IRS is seeking to force MED to create reports that do not otherwise exist. (See ECF No. 20at 13-14.) In reply, respondent asserts that it is simply summoning MED to print "specific reports"from a database of information MED already possesses. (ECF No. 21 at 4-5.)
> Put simply, the summons requests what the summons requests. Should the items requested exist and be in MED's possession, then MED should be expected to produce that which has been requested. To take the analogy used by respondent, should MED possess something akin to a bank statement (*see* ECF No. 21 at 4)—i.e., something which is produced by a bank as a matter of course with respect to an account holder—containing the information respondent seeks, then compliance with the summons

7

> should be expected. If, however, the summons should require MED to produce a report that it would not ordinarily or otherwise produce from its database of information, then respondent very well may find itself having to process that information itself. In other words, in sucha situation, MED may only need to produce the entirety of the database of information because that is the only document or data source that MED has created and possesses. Merely because MED could produce a report from its database does not mean that it has or that respondent can force MED to do so. *See United States v. Euge*, 444 U.S. 707, 717 n.11, 100 S.Ct. 874 (1980) (noting that, although the IRS had authority to seek handwriting exemplars, the Supreme Court expressed "no opinion on the scope of the [IRS'] authority to otherwise order [a] witness to generate previously nonexistent documentation").

*See* Exhibit 9, pg. 4.  *Rifle Remedies, LLC v. USA,* Case No. 1:17-mc-00062-RM, United States District Court for the District of Colorado.

There is no evidence that the documents which the IRS seeks were in existence on the date the summons was issued. These are not documents created by the taxpayers. There is no evidence that the State had created these documents previously.

The Government may try to state that the reports are like bank records which can be summonsed even though they may be in electronic form. However, this is not the case. Bank statements, signature cards and the like are documents which are created by the bank in the ordinary course of business and simply stored electronically. These pre-existing documents are simply being transmitted in the event they are summonsed. In his order issued October 26, 2017 Judge Moore again addresses this exact issue:

> "Again using respondent's analogy, merely because a bank may produce a bank statement for an account holder does not mean that the bank must perform a search through the data therein to produce a different set of information, at least not when the bank would not ordinarily or otherwise do so. Rather, it would appear to be the IRS' responsibility to sort through the produced bank

statement to obtain that which it is looking for."

*See* Exhibit 9, pg. 5, footnote 2. *Rifle Remedies, LLC v. USA,* Case No. 1:17-mc-00062-RM, United States District Court for the District of Colorado.

In this case, the Government wants analytical reports created from raw data that are not known to be made in the ordinary course of business. Since the reports are not currently in existence (neither now nor on the date of the summons), the Government cannot compel the creation of these "reports".

While it may be helpful to the IRS to have the State create analytical research for the IRS's use and pleasure, it is beyond the power of the IRS to force the creation of these documents. *Id.* This is true, even though the IRS believes, based upon agents' training, that the METRC database engine can create the analytical reports. The power to force the creation of the analytical reports is not there.

### B. The Requested Transfer Reports Actually Seek the Identity of Other Third Party Taxpayers.

The IRS is summonsing "Transfer Reports" from MED. It is unknown what specifically the IRS is seeking, and the IRS does little to clarify, but it appears to be requesting the identity of third parties who may have dealt with the Petitioners in the past. The IRS does not explain how the identity of these other third parties will help in this audit. However, seeking the identity of other unknown third parties who may have dealt with the Petitioners is not a proper purpose of these summonses.

In order to obtain the identities of these third parties, the IRS must comply with the provisions of 26 USC 7609(f) regarding John Doe summonses. In particular, the IRS must

demonstrate:

1) The summons relates to the investigation of a particular person or ascertainable group or class of persons;

2) There is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law; and,

3) The information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

26 U.S.C. § 7609(f)

The IRS has not demonstrated any of the above to be present in this case. Thus, the IRS should not be allowed to obtain a "transfer report" listing of other third parties for which the Petitioners may have dealt.

### C. Conclusion

Given the above, the Respondent's Summonses should be Quashed.

## RELIEF REQUESTED

**WHEREFORE,** Petitioners request the following relief in their favor:

a) An order quashing the Summonses, attached as Exhibit 2; or,

b) An order scheduling an evidentiary hearing to determine if the IRS has satisfied the *Powell* standard for enforcement of the Summons and, in particular, (i) whether a legitimate purpose supports enforcement of the Summons, and (ii) whether the Summons is relevant to any legitimate purpose; and

c) For such other relief as the Court deems just and proper.

**DATED**: October 26, 2017         Respectfully submitted,

                THORBURN WALKER, LLC

                /*s/ James D. Thorburn*
                James D. Thorburn
                Attorney for the Petitioners
                5460 South Quebec Street, Suite 310
                Greenwood Village, CO 80111
                (303) 646-3482
                jthorburn@thorburnwalker.com

                */s/ Richard Walker*
                Richard Walker
                Attorney for the Petitioners
                5460 South Quebec Street, Suite 310
                Greenwood Village, CO 80111
                (303) 646-3482
                rwalker@thorburnwalker.com

# CERTIFICATE OF SERVICE PURSUANT TO F.R.C.P. 5

I hereby certify that on October 26, 2017, a true and correct copy of the attached Petition to Quash was deposited into the U.S. Mail Certified Mail Return Receipt Requested to the following:

Attorney General Jeff Sessions
U.S. Department of Justice
Attn: Civil Process Clerk
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Attorney General Bob Troyer
U.S. Attorney General
Attn: Civil Process Clerk
1801 California Street, Suite 1600
Denver, Colorado 80202

Also, pursuant to 26 U.S.C. §7609, I served the following persons via certified mail, return receipt requested on October 26, 2017.

Colorado Department of Revenue
Marijuana Enforcement Division
1707 Cole Blvd., Suite 300
Lakewood, CO 80401

Tyler Pringle
Internal Revenue Service
12600 West Colfax Ave #C300
Mail Stop 4127WO-TP
Lakewood, Colorado 80215

Charles J. Butler
Trial Attorney
U. S. Department of Justice, Tax Division
P.O. Box 683
Washington, DC 20044
Tel: 202-514-6062
Fax: 202-307-0054


*s/ James D. Thorburn*